**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**FREDDIE JAMES MCDOUGAL, JR.**

Plaintiff,

**v.** **Case No. 25-CV-1438**

**DENITA R. BALL, *et al.*,**

Defendants.

---

**ORDER**

---

On January 31, 2025, the court screened *pro se* plaintiff Freddie James McDougal, Jr.'s complaint, and allowed him to proceed on claims pursuant to the Fourteenth Amendment against Aramark staff members and two Jane Doe jail employees for disregarding his food allergies. (ECF No. 9 at 3-4.) Because all of the defendants were unidentified, the court named Milwaukee County Sheriff Denita R. Ball as a nominal defendant for the limited purpose of helping McDougal identify the Doe defendants. (*Id.* at 4.) The court informed McDougal that he had 60 days from the date Ball's lawyer filed a notice of appearance to file a motion to identify the Doe defendants. (*Id.* at 5.)

On March 12, 2026, Melinda S. Lawrence, Deputy Corporation Counsel for Milwaukee County, filed a letter notifying the court that because all food service operations were the responsibility of Aramark Corporation and Trinity Services Group, Sheriff Ball does not have any relevant information to help McDougal identify the Doe

defendants. (ECF No. 10.) Lawrence copied a letter she sent to McDougal, giving him the contact information for both Aramark and Trinity Services Group. (ECF No. 10-1.)

On March 31, 2026, McDougal submitted a letter demonstrating that he wrote to both Aramark and Trinity Services Group. (ECF No. 13.) He also asked to add Trinity Services Group as a nominal defendant and add Jane Doe defendants who were employed as correctional officers at the Milwaukee County Jail. (*Id.*)

On May 5, 2026, the court entered an order adding Aramark and Trinity Services Group as nominal defendants for the purposes of assisting McDougal identify the Doe defendants. (ECF No. 15.) The court also retained Sheriff Ball as a nominal defendant because McDougal insists that there were Jane Doe defendants that were employed by the Jail.

On June 12, 2026, Sheriff Ball filed a motion for the court to clarify its May 5, 2026, order, specifically requesting that the court "[c]larify that the 'Doe food staff members' referenced in [McDougal's] original complaint are employees of Aramark Corporation or Trinity Services Group." (ECF No. 21 at 4.) The court will not impose its own interpretations on McDougal's complaint where McDougal's allegations are clear. McDougal has a chance to use discovery to identify the Doe defendants that he insists are Jail employees. If there are no such defendants, then the Doe defendants and Sheriff Ball will naturally be dismissed when McDougal files his motion to identify the Doe defendants. Sheriff Ball may file a motion to dismiss on estoppel grounds if she so wishes to put the time and effort into such motion. However, especially since, as discussed below,

Sheriff Ball already participated in discovery, it may not be worth the effort to file such a motion. The motion to clarify is denied**.**

On July 17, 2026, McDougal filed a motion to compel the defendants to respond to his discovery requests. (ECF No. 23.) Aramark states that they have not received discovery requests from McDougal. (ECF No. 24 at 3.) As such, there is nothing for the court to compel Aramark to produce. As for Sheriff Ball, she states that on July 30, 2026, she fully responded to McDougal's discovery requests. (ECF No. 26.) Trinity Services Group has yet to make an appearance in this case. The court will order the United States Marshals Service to attempt personal service on Trinity Services Group. Regardless, there is no outstanding discovery that has been has not been responded to, so McDougal's motion to compel is denied.

McDougal is reminded that he must identify the Doe defendants within 60 days of Trinity Service Group's appearance in this case.

**IT IS THEREFORE ORDERED** that Sheriff Ball's motion to clarify (ECF No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that McDougal's motion to compel (ECF No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that the United States Marshals Service attempt personal service on Trinity Services Group.

**IT IS FURTHER ORDERED** that McDougal has 60 days from the date that Trinity Services Group file appearance in this case to file a motion to identify the Doe defendants. Failure to do so by this deadline may result in dismissal of his case.

Dated in Milwaukee, Wisconsin this 11th day of September, 2026.

Stephen C. Dries

STEPHEN DRIES
United States Magistrate Judge